United States District Court
Southern District of Texas
**ENTERED**
October 03, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARK CLIFF SCHWARZER, (TDCJ-CID #1433741) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION V-18-0034 |
| DALE WAINWRIGHT, et al., Defendants. | § § § § | |

**MEMORANDUM ON DISMISSAL**

Mark Cliff Schwarzer, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in June 2018, alleging civil rights violations resulting from an interference with correspondence and denial of due process. Schwarzer, proceeding pro se and in forma pauperis, sues Dale Wainwright, Chairman of the Board of Criminal Justice; Robert G. Beard, Jr., Former Warden of Stevenson Unit; Pamela R. Mendez-Banda, Unit Mailroom employee; Bryan Collier, Executive Director of TDCJ; and Jennifer Smith, Director's Review Committee ("DRC") and Program Supervisor.

The threshold issue is whether Schwarzer's claims should be dismissed as frivolous. The Court concludes that Schwarzer's claims lack merit and should be dismissed for the reasons stated below.

**I.    Schwarzer's Allegations**

Schwarzer states that on January 11, 2018, he went to the Stevenson Unit mailroom to retrieve a package that contained legal materials and various blank spreadsheets. Schwarzer explains

that he used these forms to track his incoming and outgoing telephone calls. He states that the other forms were character development sheets used in a role-playing game, World of Warcraft. Schwarzer complains that Defendant Mendez-Banda confiscated his correspondence, explaining that the 28 forms were stationery and deemed contraband. Schwarzer states that while on the Boyd Unit, he had previously obtained permission from prison officials to receive the phone log forms. Schwarzer states that the DRC upheld the denial of the forms because they violated Board Policy 03.91. The DRC personnel explained that the gaming sheets were prohibited because TDCJ-CID regulations prohibit gaming. Schwarzer asserts that the prison officials' decision to deny him access to the blank forms was arbitrary and violated his right to due process.

Schwarzer alleges that Defendant Mendez-Banda failed to deliver Schwarzer's mail, and Defendant Flores fabricated rules and violated Schwarzer's right to due process by denying his mail. Defendant Beard ignored the issues raised in the Step One Grievance. Schwarzer complains that Defendant Smith improperly denied his Step Two Grievance in reliance on the decision of the DRC. Schwarzer complains that Defendant Smith improperly condoned the conduct of mailroom staff.

Schwarzer further complains that prison officials have altered prison board policies to require inmates to purchase inferior quality stationery from the unit commissary. Schwarzer asserts that Defendant Wainwright failed to develop and enforce a consistent mailroom policy. Schwarzer asserts that Defendant Collier denies due process through the denial of mail as a result of arbitrary decisions.

Schwarzer seeks a declaratory judgment that the defendants violated his civil rights. He seeks an injunction prohibiting the defendants from transferring Schwarzer from the Stevenson Unit or retaliating against him in any other way. He seeks an injunction compelling the defendant to

permit inmates to receive stationery from outside vendors.

## II. Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. The Claim Based on Denial of Access to the Courts

The right of access to the courts is a fundamental constitutional right grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses. *See Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993). "Any deliberate impediment to access, even delay of access, may constitute a constitutional deprivation." *Jackson v. Procunier,* 789 F.2d 307, 311 (5th Cir. 1986). To prevail on a denial of access to the courts claim, a plaintiff suing under Section 1983 must establish that he has been prejudiced in connection with some identifiable past, pending, or proposed legal proceeding. *See Lewis v. Casey,* 518 U.S. 343, 349-53 (1996).

Schwarzer states that he was not denied access to the courts. Schwarzer has failed to demonstrate prejudice as a result of the defendant' conduct. Schwarzer's access to the courts claim is therefore DISMISSED as frivolous.

### IV. The Claim Based on Interference with Correspondence

Schwarzer complains of the interference with his correspondence. "A prisoner's freedom from censorship under the First Amendment . . . with regard to his incoming mail is not the equivalent of freedom from inspection or perusal." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (citing *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Furthermore, in *Brewer*, the Fifth Circuit decided that *Guajardo v. Estelle*, 580 F.2d 748 (5th Cir. 1978) was modified by *Thornburgh v. Abbott*, 490 U.S. 401 (1989), and determined that prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected. *Brewer*, 3 F.3d at 825. It follows that Schwarzer does not have a clearly established constitutional right to be present when non-privileged mail from friends and family is opened and inspected. *See also Gaines v. Lane*, 790 F.2d 1299, 1307 (7th Cir. 1986).

Prisons routinely open and scan inmates' incoming mail for security purposes, and the practice has repeatedly passed constitutional muster. *Walker v. Navarro Cnty. Jail*, 4 F.3d 410 (5th Cir. 1993) (jail has legitimate interest in opening and inspecting incoming mail for contraband); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (inspection of nonprivileged mail does not violate a prisoner's rights); *Martin v. Tyson*, 845 F.2d 1451 (7th Cir. 1988) (inspection of inmate's personal mail for contraband served a legitimate purpose).

Schwarzer filed a grievance regarding the denial of his correspondence. Warden Garza responded as follows:

> Your grievance has been reviewed. It was found you were presented the denial (I-153) for the 28 sheets/pages of typed or printed phone logs and game sheets on 01/11/18. You were given the opportunity to appeal the decision, as per policy, to the Director's Review Committee (DRC), which you chose to appeal the mail room's

4

> decision. The DRC operates as the central authority for all appeals on denied correspondence and publications. DRC members base their decisions when considering appeals on common sense and good judgment gained from their experience as administrators within a correctional institution. DRC upheld the denial on 2/5/18. Decisions of the DRC are final. No further action warranted by this office.

Prison officials must be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order. *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990)(citing *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). A court may not second-guess prison officials' good faith assessment of the facts before them or the adequacy of their efforts to maintain prison discipline and security.

Schwarzer has failed to demonstrate the defendants' conduct was not undertaken in furtherance of policies and practices designed to maintain security and preserve internal order. Schwarzer's interference with mail claim is therefore DISMISSED as frivolous.

## V.     The Claim Based on a Failure to Comply with Prison Regulations

Schwarzer further alleges that prison officials did not follow prison rules and regulations regarding the grievance process.

A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. *Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir.), *cert. denied*, 516 U.S. 860 (1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Even assuming that officers violated TDCJ-CID regulations regarding the confiscation of inmate property, Schwarzer has failed to establish a violation of a constitutional right. Schwarzer has not shown that any errors relating to the grievance process amounted to a constitutional due process violation.

The mere failure to comply with prison rules and regulations does not, without more, give rise to a constitutional violation. *Meyers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996). A prison official's failure to follow state regulations does not establish a constitutional violation. *See Jackson v. Cain,* 864 F.2d 1235, 1251-52 (5th Cir. 1989). Schwarzer's claim that his due process rights were violated by the failure of prison officials to comply with prison regulations lacks an arguable basis in law because, in light of *Sandin v. Conner,* 515 U.S. 472 (1995), Schwarzer has no created liberty interest in the regulations of the TDCJ-CID.

## VI. Conclusion

The action filed by Mark Cliff Schwarzer (TDCJ-CID Inmate #1433741) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are DENIED as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159; and

(2) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Victoria, Texas, on October 2, 2019.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE