United States District Court
Southern District of Texas
**ENTERED**
February 22, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| MARK CLIFF SCHWARZER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:18-CV-00034 |
| | § | |
| DALE WAINWRIGHT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND DECLARATORY JUDGMENT

Pending before the Court is a motion for a preliminary injunction and declaratory judgment filed by Texas Department of Criminal Justice ("TDCJ") inmate Mark Cliff Schwarzer ("Plaintiff"), who proceeds *pro se* in this 42 U.S.C. § 1983 action.  (Doc. No. 37.)  This case has been referred to the undersigned for all pretrial purposes.  (Doc. No. 41.)  For the following reasons, the undersigned recommends that Plaintiff's motion for a preliminary injunction and motion for declaratory judgment be DENIED.

### I.       BACKGROUND

#### A.  *Plaintiff's 42 U.S.C. § 1983 case.*

This case contains a lengthy procedural history and currently stands before the Court on remand from the United States Court of Appeals for the Fifth Circuit.[1]  Although this memorandum and recommendation addresses the pending motion for a preliminary injunction

---

[1]     *See Schwarzer v. Wainwright*, No. 19-41011, 2021 WL 6060002, at *1 (5th Cir. Dec. 17, 2021) (Doc. No. 40).

and declaratory judgment, a summary of the procedural history provides a helpful understanding of the context surrounding this motion.[2]  Plaintiff, currently held at TDCJ's Duncan Unit,[3] filed a 42 U.S.C. § 1983 complaint on June 4, 2018, alleging that the prison's policy of prohibiting inmates from receiving stationery supplies via mail violated the First Amendment, and that Defendants[4] further violated his First Amendment rights by denying his mail based on TDCJ Board Policy 03.91 (also referred to in this memorandum as "TDCJ policy" or "the policy").

The district court (Hoyt, J.) dismissed Plaintiff's complaint as frivolous.  (Doc. No. 14.) Plaintiff appealed this decision to the Fifth Circuit, which affirmed in part and reversed in part. *See Schwarzer v. Wainwright*, No. 19-41011, 2021 WL 6060002, at *1 (5th Cir. Dec. 17, 2021).[5] The court of appeals first held that Plaintiff's claims should not have been dismissed as frivolous because the record did not demonstrate whether Plaintiff's First Amendment claims were "based on an indisputably meritless legal theory."  *Id.* (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)).[6]  The Fifth Circuit affirmed the dismissal of Plaintiff's due process claim, which

---

[2]     This memorandum addresses Plaintiff's § 1983 lawsuit and his motion for preliminary injunction.  (Doc. No. 37.)  The procedural events occurring between the district court's dismissal of Plaintiff's action (Doc. Nos. 14, 15) and the Fifth Circuit's opinion and remand (Doc. No. 40) can be summarized as follows.  After the district court dismissed Plaintiff's claims, Plaintiff filed a Federal Rule of Civil Procedure 59(e) motion, which the district court denied.  (Doc. Nos. 17, 18.)  Plaintiff appealed to the Fifth Circuit, which held the case in abeyance and remand for the purposes of determining if Plaintiff's Rule 59(e) motion was timely filed.  (Doc. No. 24.)  The district court found that Plaintiff's Rule 59(e) motion was timely filed. (Doc. No. 38.)

[3]     The Duncan Unit is located in Angelina County, in the Eastern District of Texas.  Plaintiff was held in custody at the Stevenson Unit, in Dewitt County, in the Southern District of Texas, when he filed his original complaint.

[4]     The defendants in this case are: Dale Wainwright, Chairman of the Board of Criminal Justice; Robert Beard, Jr., Former Warden of Stevenson Unit; Pamela R. Mendez-Banda, Unit Mailroom employee; Bryan Collier, Executive Director of TDCJ; and Jennifer Smith, Director's Review Committee and Program Supervisor.

[5]     The Fifth Circuit's decision is contained in this Court's docket as document number 40.

[6]     The court of appeals explained that *Turner v. Safley* provides the proper framework when determining whether the mail censorship in question is "reasonably related to legitimate penological interests."  *Schwarzer*, 2021 WL 6060002, at *1 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

alleged that Defendants failed to follow prison rules related to the grievance procedure, because the claim did not present a constitutional violation.  *Id.*

The court of appeals also held that Plaintiff, as a *pro se* litigant, should have been given the opportunity to amend his complaint to cure any deficiencies before the district court dismissed his claims.  *Schwarzer*, 2021 WL 6060002, at *1 (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)).  The court reached this conclusion based on Plaintiff's appellate claim that he was not permitted to participate in the process of the Director's Review Committee ("DRC") for reviewing the denials of mail.[7]  The court of appeals explained that because this DRC due process claim presented a non-frivolous issue – despite Plaintiff's not using those exact terms in his complaint – Plaintiff should have been afforded the opportunity to amend his complaint.  *See Schwarzer*, 2021 WL 6060002, at *1-*2.  The Fifth Circuit therefore vacated the district court's judgment and remanded for further proceedings with respect to Plaintiff's free speech and procedural due process claims.  *Id.* at *2.

### B. *Plaintiff's instant motion for a preliminary injunction and declaratory judgment.*

On July 19, 2021, Plaintiff, while in custody at the Duncan Unit, filed a motion in this action titled "Plaintiff's Motion For Preliminary Injunction To Stop The Unlawful Confiscation Of Inmate Photos," and additionally included a request for a declaratory judgment on the matter. (Doc. No. 37.)  In this motion, Plaintiff purports to move on behalf of all inmates currently

---

[7]     "Inmates are entitled to procedural due process protections in connection with the denial of mail, including notice and an opportunity to be heard."  *Schwarzer*, 2021 WL 6060002, at *2 (citing *Procunier v. Martinez*, 416 U.S. 396, 417-19 (1974)).

confined in TDCJ prisons.  *Id.* at 2.  Plaintiff also attempts to name a new defendant in this

action, Patrick O' Daniel, as the person allegedly "responsible for the policy in question."  *Id.*[8]

Plaintiff's instant motion challenges revisions to Board Policy 03.91,[9] promulgated on

June 25, 2021.  The revisions restrict prisoners' possession and receipt of sexually explicit

materials, such as publications or photographs.[10]  Plaintiff asserts that these restrictions violate

the prisoners' rights to "view, make, and/or possess sensual images" under the First Amendment.

*Id.* at 1.

Plaintiff asserts that he has two avenues of relief in this situation.  The first is a

declaratory judgment to "enjoin state officials from implementing the new policy as written."  *Id.*

at 4 ¶ 10.  Plaintiff insists that "it is obviously unconstitutional to infringe on the rights of adults

to own photographs, pictures, or images that may be sensual in nature.  Similar images are

shown on TV daily."  *Id.*  Second, Plaintiff requests a preliminary injunction "to enjoin TDCJ

officials from implementing the new policy until the case has been fairly adjudicated by the

courts . . . ."  *Id.* ¶ 11.[11]

---

[8]     Plaintiff lists the following as defendants: "Patrick O'Daniel, Chairman of the Board of Criminal Justice and responsible for the policy in question that will deprive inmates of certain personal photos, in his official and individual capacity . . ." and "Bryan Collier, Executive Director of TDCJ, in his official and individual capacity." (Doc. No. 37, p. 2 ¶ 3.)

[9]     *See* Texas Department of Criminal Justice, https://www.tdcj.texas.gov/documents/policy/BP0391.pdf.

[10]     Plaintiff characterizes the policy he challenges as follows: "[t]he new rules apparently ban any material in publications, photographs, drawings or any type of image which depicts sexual behavior, is intended to cause sexual arousal or shows nudity in any fashion."  (Doc. No. 37, pp. 3-4 ¶ 8.)

[11]     Plaintiff offers the following arguments in support of his motion:

        12.     To allow the state to arbitrarily create rules which undeniably affect the constitutional guarantees are an abuse of discretion where there is no due process guidelines. . . .

At the conclusion of his motion, Plaintiff reiterates his request for relief:

> A preliminary injunction that provides for a full and fair adjudication of the case before TDCJ officials may implement any policy, rule, etc., that deprives inmates of the constitutional protection to have and view sensual images.  And/or a declaratory judgment that prohibits TDCJ officials from implementing any policy, rule, etc., that deprives inmates of the constitutional protection to have and view sensual images.

*Id.* at 6 ¶¶ 15-16.

Additionally, Plaintiff seeks "[c]ompensatory damages for any inmate who may have been unlawfully deprived of their photos, pictures, etc., due to the new policy or other confiscation by state officials for no less than $5.00 per picture or photograph and not less than $20.00 for each drawing."  *Id.* ¶ 17.  Plaintiff also requests costs for the action, and any other relief the Court finds just, proper, and equitable.  *Id.* ¶¶ 18-19.

## II.    LEGAL STANDARD

A federal court may grant a preliminary injunction "to preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits."  *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017)(restating and agreeing with the district court's framework in determining whether to grant a preliminary injunction).  A court should grant a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) if the movant establishes the following: "(1) a substantial

---

13.    The majority of the new rules focus on sexual images or nudity. The state has disallowed pornographic images for over a decade and now seeks to install Puritan ideals on prisoners. Even denying inmates to draw their own nude pictures.

14.    The last point on Exhibit A wants to prohibit photos that conceal or hides the face of the individual photographed. Would that allow an officer to confiscate a picture of a family reunion as well? There is no reason for the state to identify every individual in photographs, drawings, or any imagery. That is dangerously close to Big Brother . . . .

*Id.* at 4-5.

likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Robinson v. Hunt Cty.*, *Texas*, 921 F.3d 440, 451 (5th Cir. 2019)(quoting *Speaks v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006)).

The Fifth Circuit has cautioned that granting a preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)(quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *see also Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule.").

In cases involving prisoners, courts are particularly reluctant to grant requests for a preliminary injunction, as "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Wagner v. Campuzano*, No. 1:12-CV-205-C, 2013 WL 12147778, at *1 (N.D. Tex. May 31, 2013)(citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). The Prison Litigation Reform Act (PLRA) even instructs that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A).

## III.    DISCUSSION

### A.  *Plaintiff cannot demonstrate a substantial likelihood of success on the merits.*

First, Plaintiff must demonstrate a substantial likelihood of success on the merits of his lawsuit. *See Sepulvado*, 729 F.3d at 417. As to this factor, the Court first notes that the injunctive relief that Plaintiff seeks bears no relationship to his underlying lawsuit. Although the Fifth Circuit has not specifically addressed whether a court may grant injunctive relief on a new or different claim not contained in the complaint, district courts within this circuit have consistently ruled that a request for a preliminary injunction must relate to the claims in the underlying complaint. *See, e.g.*, *Bucklew v. St. Clair*, No. 3:18-CV-2117-N, 2019 WL 2251109, at *2 (N.D. Tex. May 15, 2019), *adopted*, 2019 WL 2249719 (N.D. Tex. May 24, 2019).[12]  As courts have explained, "[a] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Davis v. Chairman, Texas Bd. of Crim. Just.*, No. 6:10CV646, 2011 WL 831417, at *2 (E.D. Tex. Feb. 10, 2011), *adopted*, 2011 WL 830668 (E.D. Tex. Mar. 2, 2011)(citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). When this relationship does not exist, the claim fails to demonstrate a likelihood of success on the merits. *Cf. Garrett v. Stephens*, No. 2:13-CV-70, 2016 WL 2956405, at *1 (S.D. Tex. May 23, 2016)(Ramos, J.)("As to the first

---

[12]      *Bucklew v. St. Clair* cites a host of district court decisions that have ruled that the relief requested in a preliminary injunction must relate to the underlying cause of action. *Bucklew*, 2019 WL 2251109, at *2 (citing *Gill v. Neaves*, 657 F. Supp. 1394, 1399 (W.D. Tex. 1987); *Walcott v. Terrebonne Parish Consolidated Gov't*, No. CV 17-1125, 2017 WL 6371577, at *1 (E.D. La. Nov. 20, 2017), *adopted*, 2017 WL 6344149 (E.D. La. Dec. 12, 2017); *Infinite Fin. Sols., Inc. v. Strukmyer, LLC*, No. 3:14-CV-354-N, 2014 WL 12586282, at *9 (N.D. Tex. July 29, 2014) (quoting *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002))).

factor . . . [t]he Court notes first that the injunctive relief requested by Plaintiff is unrelated to his lawsuit.").

Here, the injunctive and declaratory relief that Plaintiff requests is wholly untethered from his lawsuit.  Plaintiff's lawsuit alleges that TDCJ's policy of prohibiting inmates from receiving stationery supplies via mail and Defendants' denial of his mail based on Board Policy 03.91 violated his First Amendment rights.  Plaintiff's instant request for injunctive relief, on the other hand, assails an entirely separate (and subsequently promulgated) component of Board Policy 03.91 that prohibits prisoners from receiving or possessing sexually explicit materials. (Doc. No. 37.)  In essence, Plaintiff is attempting to bring a new civil action masquerading as a motion for injunctive relief in his original suit.  Without the necessary relationship between the injunctive relief requested and the underlying complaint, Plaintiff fails to demonstrate a likelihood of success on the merits.  *See Garrett*, 2016 WL 2956405, at *1.  The absence of this connective relationship is fatal to Plaintiff's motion for injunctive relief, because "the issues giving rise to [the] injunction will not be addressed, let alone resolved, at trial."  *Zhou v. Int'l Bus. Machines Corp.*, 167 F. Supp. 3d 1008, 1011 (N.D. Iowa 2016).

Moreover, Plaintiff's motion is outside of the scope of the Fifth Circuit's remand to the district court.  *See Schwarzer*, 2021 WL 6060002, at *2 (Doc. No. 40.)  Although Plaintiff filed his motion for injunctive relief prior to the Fifth Circuit's remand, the district court now considers the case only with respect to Plaintiff's First Amendment claims arising from the prison's mail policy of stationery supplies and procedural due process claims related to the DRC review process.  *Id.*  The basis of Plaintiff's present motion, the TDCJ policy regarding sexual materials, is outside of the scope of this remand.  *See Mendoza v. Quarterman*, No. 5:09-CV-

00086-RWS, 2020 WL 10759617, at *3 (E.D. Tex. May 14, 2020)(dismissing arguments outside of the scope of the court's review on remand).

Fifth Circuit precedent allows the district court's analysis to stop at this juncture: when a plaintiff fails to meet his burden on any of the four elements, the court need not address the other elements.  *See Thompson v. LeBlanc*, CV 19-566-SDD-SDJ, 2020 WL 7319609, at *1 (M.D. La. Dec. 11, 2020)(citing *Roho, Inc. v. Marquis*, 902 F.3d 356, 361 (5th Cir. 1990)).  For the purposes of this memorandum and recommendation, however, the remaining elements will be addressed.

### B.  *Plaintiff cannot demonstrate a substantial threat of irreparable harm.*

Even assuming Plaintiff could succeed in demonstrating a substantial likelihood of success on the merits, Plaintiff would also have to carry his burden as to the other three factors. *See Robinson*, 921 F.3d at 451.  As to the second factor, Plaintiff must show that a failure to grant this injunction poses a substantial threat of an irreparable harm.  *Id.*  This means that a concrete injury will occur absent the granting of the injunctive relief.  *See Texas First Nat. Bank v. Wu*, 347 F. Supp. 2d 389, 399 (S.D. Tex. 2004) (Hittner, J.).  As to whether the revisions to Board Policy 03.91 regarding sexually explicit materials could threaten a concrete injury, Plaintiff faces a steep uphill battle.  He requests that the Court enjoin the implementation of the policy revisions on the basis that the First Amendment "protects the rights of people to view, make, and/or possess sensual images," and asserts that his status as a prisoner does not affect this protection.  (Doc. No. 37, p. 1.)  Plaintiff's claim, however, is belied by Fifth Circuit precedent. In this circuit, "officials may limit prisoners' access to sexually explicit materials even if they are not obscene."  *Stroble v. Livingston*, 538 F. App'x 479, 480 (5th Cir. 2013)(citing *Thompson v.*

*Patteson*, 985 F.2d 202, 205-06 (5th Cir. 1993)).  Therefore, although Plaintiff may be unhappy with the TDCJ policy, his motion contains no basis for a finding that the policy presents a substantial threat of any irreparable constitutional injury.

Additionally, Plaintiff's request that this Court grant a monetary award of compensatory damages significantly undermines any notion that he faces a threat of irreparable harm.  (Doc. No. 37, p. 6.)  An irreparable injury is one that "cannot be undone through monetary remedies." *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981)(citing *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981)); *F.D.I.C. v. Faulkner*, 991 F.2d 262, 265 (5th Cir. 1993)("Because the availability of a legal remedy often indicates that an applicant's injury is not irreparable, courts generally do not issue injunctions to protect legal remedies.") For these reasons, Plaintiff fails to satisfy the second factor.

### C. *Plaintiff cannot prevail on the third or fourth factors.*

As to the third and fourth factors, Plaintiff cannot demonstrate that the threatened injury resulting from TDCJ's policy outweighs the harm to TDCJ if the requested injunction were granted, and that granting the injunction would not disserve the public's interest in the safety and security of state prisons.  "Except in extreme circumstances, federal courts are reluctant to interfere with matters of prison administration and management of inmates." *Mills v. LeBlanc*, No. CV 21-418, 2021 WL 3572148, at *10 (E.D. La. July 15, 2021), *adopted*, 2021 WL 3566434 (E.D. La. Aug. 11, 2021)(citing *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971)). Additionally, "[p]rison administrators are accorded wide-ranging deference in the adoption and execution of policies that in their judgment are needed to preserve internal order and discipline in the daily operations of the prison system." *Renfro v. Baker*, No. CV H-21-2172, 2021 WL

4861802, at *2 (S.D. Tex. Oct. 13, 2021)(Werlein, J.)(citing *Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979)).

Plaintiff here seeks "to limit the powers of the Texas Board of Criminal Justice and the [TDCJ] from violating the constitutional rights of inmates . . ." and requests a preliminary injunction that allows a full and fair adjudication of the case before TDCJ officials may "implement any policy, rule, etc., that deprives inmates of the constitutional protection to have and view sensual images." (Doc. No. 37, pp. 3, 4, 6.) Granting this sweeping demand could seriously undercut the TDCJ's well-established deference in the adoption and execution of policies implemented to preserve order and discipline. Plaintiff has not demonstrated how his threatened injury, the inability to receive and possess sexually explicit materials in prison, would outweigh the harm that would be inflicted on the prison system and why an injunction would not thereby disserve the public interest.

Again, the purpose of a preliminary injunction is to preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits. *See City of Dallas*, 847 F.3d at 285. Plaintiff fails to satisfy any of the four required factors for preliminary injunctive relief. Moreover, the relief Plaintiff seeks would not "preserve the status quo" – rather, Plaintiff requests relief that is wholly unrelated to his lawsuit or to the respective rights of the parties in the suit. Thus, Plaintiff's motion for a preliminary injunction must fail.

### D.  *Plaintiff's motion for declaratory judgment is premature.*

Plaintiff's motion includes a request for a "declaratory judgment to enjoin state officials from implementing the new policy as written," and requests that this judgment prohibit "TDCJ

officials from implementing any policy, rule, etc., that deprives inmates of the constitutional protection to have and view sensual images." (Doc. No. 37, pp. 4, 6.)

Plaintiff's request for declaratory judgment is inappropriate for at least three reasons. First, as with his request for a preliminary injunction, Plaintiff's request does not relate to his lawsuit. Second, again like his request for a preliminary injunction, Plaintiff's request for declaratory relief exceeds the confines of the Fifth Circuit's remand. And third, Plaintiff's request for declaratory relief is premature. Declaratory relief is not an appropriate remedy in the initial stages of litigation, before the rights of the parties have been ascertained, and is certainly not an appropriate remedy before all parties to an action have been served: district courts consistently deny motions for declaratory relief as premature where service has not been accomplished. *E.g.*, *Moreland v. McCoy*, No. 2:18-CV-269, 2019 WL 3937143, at *3 (S.D. Tex. Feb. 8, 2019)(Libby, M.J.), *adopted*, 2019 WL 3936042 (S.D. Tex. Aug. 19, 2019)(Tagle, J.)(denying a motion for declaratory judgment where the defendants had not been served or had the opportunity to file responsive pleadings).

Here, Plaintiff requests declaratory relief regarding TDCJ's sexual material policy, a claim not raised in Plaintiff's complaint, and even attempts to add a new defendant who is not currently a party to this case. (Doc. No. 37.) Because Defendants have not been served or had the opportunity to file responsive pleadings on this matter, a declaratory ruling would be premature.

## IV.   CONCLUSION

For these reasons, Plaintiff's motion for a preliminary injunction and declaratory judgment should be denied. Plaintiff cannot carry his burden as to any of the four factors

required to obtain a preliminary injunction, and the PLRA makes clear that granting injunctive relief as to prison conditions shall extend no further than necessary to correct the alleged violation. *See* 18 U.S.C. § 3626(a)(1)(A). Additionally, Plaintiff's motion and requested relief extends beyond the scope of the Fifth Circuit's remand in this case. *See Schwarzer*, 2021 WL 6060002, at *2 (Doc. No. 40).

By filing a motion that contains an entirely separate set of allegations – as well as purportedly adding a new defendant and attempting to name a class of plaintiffs – Plaintiff has essentially attempted to file an entirely new civil complaint disguised as a motion. Plaintiff would need to seek leave from the Court in order to add more parties or claims, which additionally demonstrates that his motion is an inappropriate procedural mechanism. Fed. R. Civ. P. 15. Should Plaintiff wish to proceed on these claims, he should file a new civil action and pay the required filing fee, as would be expected of any civil litigant.

## V.    RECOMMENDATION

For the above reasons, the undersigned respectfully RECOMMENDS that Plaintiff's motion for a preliminary injunction and request for declaratory judgment be DENIED.

## VI.   NOTICE

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

13 / 14

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on February 18, 2022.

MITCHEL NEUROCK
United States Magistrate Judge