UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARK CLIFF SCHWARZER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:18-CV-00034 |
| | § | |
| DALE WAINWRIGHT; PATRICK O'DANIEL; DARRELYNN PERRYMAN; LARRY MILES; E.F. DEAYALA; MOLLY FRANCIS; FAITH JOHNSON; SICHAN SIV; ERIC NICHOLS; RODNEY BURROW; BRYAN COLLIER; BOBBY LUMPKIN; LEONARD ECHESSA; JENNIFER SMITH; ARICA D. FLORES; CHRIS NORSEWORTHY; and STACIE A. WALTON, | §§§§§§§§§§§§ | |
| Defendants. | § | |

## ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the May 9, 2022 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Mitchel Neurock. (Dkt. No. 47). In the M&R, Magistrate Judge Neurock screened *pro se* and *in forma pauperis* Plaintiff Mark Cliff Schwarzer's Amended Complaint under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c). Magistrate Judge Neurock recommends that the Court retain certain claims and parties but strike and dismiss others. Schwarzer objects. The Court **OVERRULES** the objection and **ACCEPTS** the M&R.

**I.     LEGAL STANDARD**

The Parties received proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Schwarzer timely filed a construed objection.[1] (Dkt. No. 49). The Court therefore conducts "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

**II.    OBJECTION**

Schwarzer's objection largely ignores the M&R and instead reiterates allegations in his Amended Complaint or raises irrelevant legal issues. In this sense, Schwarzer does not "specifically identify those findings objected to." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam). The Court thus need not consider those portions of the objection. *See id.*; 28 U.S.C. § 636(b)(1). Accordingly, with one exception, the Court reviews the M&R for plain error. *Hawes v. Stephens*, 964 F.3d 412, 415 (5th Cir. 2020) ("Review of an un-objected legal conclusion from a magistrate [judge] is for plain error."). There is no plain error.

The one exception to plain-error review is Schwarzer's objection to pages seven through nine of the M&R. Schwarzer characterizes those pages as improperly recommending to "strike any issue that is directly related to the Free Speech Clause of the First Amendment at the Stevenson Unit." (Dkt. No. 49 at 1). Liberally construed,

---

[1]     The M&R was entered May 9, 2022. (Dkt. No. 47). Schwarzer's self-styled "Response to the Memorandum and Recommendation"—what the Court construes as an objection—is signed and dated May 22 but is postmarked May 23. (Dkt. No. 49 at 5–6). Accordingly, the Court **FINDS** that the objections were timely filed.

*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), Schwarzer appears to argue that pages seven through nine of the M&R recommend dismissing claims that are within the scope of the Fifth Circuit's remand.

## III.   DISCUSSION

Some background is necessary to adequately address the objection. In 2019, Judge Kenneth H. Hoyt dismissed the entire case with prejudice. (Dkt. No. 14). In December of 2021, the Fifth Circuit affirmed in part, vacated in part, and remanded in part. (Dkt. No. 40). The Fifth Circuit's remand was narrow. It remanded "for further proceedings with respect to Schwarzer's free speech and procedural due process claims." *Schwarzer v. Wainwright*, No. 19-41011, 2021 WL 6060002, at *2 (5th Cir. Dec. 17, 2021) (per curiam). The Fifth Circuit concluded that two free-speech claims were not frivolous: "(1) the prison's policy of prohibiting inmates from receiving stationary supplies via mail" and (2) the Defendants' alleged denial of Schwarzer's "mail based on Board Policy 03.91." *Id.* at *1. The Fifth Circuit also concluded that Schwarzer "could have amended his complaint to allege a nonfrivolous due process claim" related to the alleged denial of "the right to participate in the [Director's Review Committee] appeal process" after Schwarzer was denied his mail. *Id.* at *1–2.

Following remand, the case was reassigned to the undersigned. (Dkt. No. 26). The Court later accepted Magistrate Judge Neurock's unobjected-to recommendation to deny Schwarzer's Motion for Preliminary Injunction because, among other reasons, Schwarzer's requests were outside the scope of the Fifth Circuit's remand. (Dkt. No. 44). Magistrate Judge Neurock separately ordered Schwarzer to file an amended complaint,

specifically warning "that any allegations raised in his amended complaint that seek to raise claims other than the above-identified free speech and procedural due process claims will be DISREGARDED." (Dkt. No. 43 at 5). Schwarzer was also warned that failure to comply may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*).

Schwarzer did not comply. Instead, he filed an Amended Complaint that exceeds the scope of the Fifth Circuit's remand.[2] As Magistrate Judge Neurock explained in a prior M&R, it would be improper to consider claims outside of Schwarzer's "First Amendment claims arising from the prison's mail policy of stationery supplies and procedural due process claims related to the DRC review process." (Dkt. No. 42 at 8–9); *see also M. D. by Stukenberg v. Abbott*, 977 F.3d 479, 482 (5th Cir. 2020) ("It is black-letter law that a district court must comply with a mandate issued by an appellate court."). Indeed, this Court adopted that recommendation before Schwarzer filed the current objection. (Dkt. No. 44).

Nonetheless, paragraphs 12–15, 17–33, 42–44, 46–47, and 52 of the Amended Complaint are outside of the scope of the remand. *See* (Dkt. No. 47 at 7–9). Thus, Schwarzer's Amended Complaint fails to comply with two orders. Further, Schwarzer's objection provides no legal basis for departing from these prior orders. Instead, he

---

[2] Schwarzer asserts claims against seventeen defendants. Of those defendants, two raised in the Original Complaint are now missing in the Amended Complaint: Robert G. Beard, Jr. and Pamela R. Mendez-Banda. As a result, Magistrate Judge Neurock recommends those defendants be dismissed without prejudice. (Dkt. No. 47 at 5 n.3, 21). The Court agrees.

misunderstands the scope of the Fifth Circuit's remand and improperly seeks to re-hash this Court's prior rulings. As such, the Court **OVERRULES** the objection.

## IV. CONCLUSION

Based on the foregoing, the Court **ACCEPTS** the M&R as the opinion of the Court. Accordingly, the Court **STRIKES** Schwarzer's allegations and claims identified in Paragraphs 12–15, 17–33, 42–44, 46–47, and 52 from the Amended Complaint as well as his requests for injunctive and monetary relief identified in Paragraphs 56(c), (d), (e), (f), (h), (i), (j), (k), (l), relevant portion of (o),[3] (p), (r), (s), (t), and (u) of the Amended Complaint.

The Court **DISMISSES WITH PREJUDICE** Schwarzer's First Amendment claims for monetary relief against the following defendants in their individual capacities: Executive Director Bryan Collier, TDCJ Director Bobby Lumpkin, and former TBCJ Chairman Dale Wainwright.

The Court **DISMISSES WITH PREJUDICE** Schwarzer's First Amendment claims seeking declaratory and injunctive relief against the following defendants in their official capacity: Mailroom Supervisor Arica D. Flores, former TBCJ Chairman Dale Wainwright, DRC Director Leonard Echessa, and DRC Program Supervisor Jennifer Smith.

The Court **DISMISSES WITH PREJUDICE** Schwarzer's procedural due process claim seeking declaratory and injunctive relief against DRC Program Supervisor Jennifer Smith in her official capacity.

---

[3] Specifically, the Court adopts the recommendation to strike and disregard the request in Paragraph 56(o) for compensatory relief regarding the photo restriction. (Dkt. No. 47 at 10).

The Court **DISMISSES WITHOUT PREJUDICE** all claims against the following defendants: Former Duncan Unit Warden Chris Norseworthy, Mailroom Supervisor Stacie A. Walton, Pamela R. Mendez-Banda, and Robert Beard, Jr.

The Court **DISMISSES WITHOUT PREJUDICE** all claims for money damages against the remaining Defendants in their official capacity as barred by the Eleventh Amendment.

It is SO ORDERED.

Signed on August 2, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**