United States District Court
Southern District of Texas
**ENTERED**
November 08, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARK CLIFF SCHWARZER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 6:18-CV-00034 |
| | § | |
| DALE WAINWRIGHT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Mark Cliff Schwarzer ("Plaintiff"), a former Texas inmate proceeding *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is a motion to dismiss filed by Defendants Patrick O'Daniel, Derrelynn Perryman, Larry Miles, E.F. DeAyala, Molly Francis, Faith Johnson, Sichan Siv, Eric Nichols, and Rodney Burrow. (Doc. No. 83.) Plaintiff has not filed a response in opposition.

For the reasons set forth below, the undersigned recommends that the motion to dismiss be GRANTED and that Plaintiff's remaining claims against these defendants in their official capacities for declaratory and injunctive relief be DISMISSED without prejudice for lack of subject matter jurisdiction under the mootness doctrine.

### A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### B. *Relevant background and Defendants' instant motion.*

#### 1. *Procedural history.*

This matter arises from Plaintiff's prisoner civil rights action pursuant to 42 U.S.C. § 1983, seeking declaratory, injunctive, and monetary relief for denial of mail in violation of Plaintiff's First Amendment rights and denial of due process in allegedly being deprived of a hearing regarding that alleged denial of mail. *See* Doc. No. 45. Plaintiff's amended complaint, which is the operative pleading in this action, named 17 defendants. *Id*. In a Memorandum and Recommendation issued on January 17, 2023 ("M&R"), the undersigned set forth this action's extensive background and procedural history, as well as Plaintiff's allegations and claims. *See* Doc. No. 59, pp. 2-14.

On March 27, 2023, the Court adopted the undersigned's M&R in its entirety (Doc. No. 59) and granted in part and denied in part Defendants' motion to dismiss (Doc. No. 52), dismissing claims against 8 of the 17 defendants. *See* Doc. No. 61. The Court retained Plaintiff's First Amendment claim against Defendants (1) Patrick O'Daniel, Chairman of the Texas Board of Criminal Justice ("TBCJ"), (2) Derrelynn Perryman, TBCJ's Vice-Chairman, (3) Larry Miles, TBCJ's Secretary, (4) E.F. DeAyala, TBCJ member, (5) Molly Francis, TBCJ member, (6) Faith Johnson, TBCJ member, (7) Sichan Siv, TBCJ member, (8) Eric Nichols, TBCJ member, and (9) Rodney Burrow, TBCJ member, in their official capacities for declaratory and injunctive relief because TBCJ Board Policy ("BP") 03.91, *Uniform Offender Correspondence Rules*, allegedly violated Plaintiff's free speech rights insofar as it prohibits inmates from receiving stationery supplies through the mail. *Id*. at 3.

One significant event has occurred since that time: as of April 7, 2023, Plaintiff is no longer in TDCJ custody. *See* Doc. No. 73, p. 1. Plaintiff states that he now lives with his sister in Sandy, Utah. *Id*.

### 2. *Defendants' motion to dismiss.*

Defendants move pursuant to Federal Rule of Civil Procedure 12(h)(3) to dismiss Plaintiff's remaining claims against them for lack of subject matter jurisdiction under the mootness doctrine. (Doc. No. 83, pp. 2-6). Defendants contend that there is no longer any live controversy requiring Court intervention because Plaintiff is no longer in TDCJ custody. *Id*. Plaintiff did not respond to the motion to dismiss.[1]

### C. *Discussion.*

Federal Rule of Civil Procedure 12(h)(3) authorizes a court to dismiss a civil action if it "determines at any time that it lacks subject-matter jurisdiction." A court lacks subject matter jurisdiction where a case becomes moot. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78-79 (2013). The mootness doctrine "applies to equitable relief." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). The mootness doctrine is applicable in this case as Plaintiff seeks declaratory and injunctive relief with respect to his remaining First Amendment claim against Defendants. *See Kovac v. Wray*, 449 F. Supp. 3d 649, 653 (N.D. Tex. 2020).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, L.L.C. v. Nike, Inc.*, 568 U.S. 85, 91 (2013)

---

[1] Southern District of Texas Local Rule 7.4 states: "Failure to respond to a motion will be taken as a representation of no opposition." Although proceeding *pro se*, Plaintiff is subject to this Court's local rules just like any represented party. Because Plaintiff has failed to respond to the dismissal motions, the district court should treat Defendants' motion as unopposed.

(internal quotation marks omitted). In other words, if a controversy between parties resolves to the point that they no longer qualify as "'adverse parties with sufficient legal interests to maintain the litigation,'" a court is without power to entertain the particular claim. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009) (quoting *United States v. Lares-Meraz*, 452 F.3d 352, 354 (5th Cir. 2006) (*per curiam*). Courts, therefore, lack "constitutional jurisdiction" to resolve an issue where there is no Article III controversy. *See Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

Plaintiff's only remaining claim in this action is his First Amendment claim against Defendants in their official capacities for declaratory and injunctive relief based on the provisions of TDCJ's correspondence policy set forth in BP-03.91. (*See* Doc. No. 61, p. 3.) Court records show, however, that Plaintiff was released from TDCJ custody on April 7, 2023 and that he currently lives in Utah. *See* Doc. No. 73. As a free person, Plaintiff is no longer subject to BP-03.91. Plaintiff's requests for injunctive and declaratory relief with respect to his constitutional challenge to TDCJ's correspondence policy, therefore, became moot upon his release from TDCJ custody.[2] *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that an inmate's transfer to another unit renders his claims for declaratory and injunctive relief in prison moot, unless he can show a reasonable likelihood that he will be transferred back

---

[2] Defendants appear to contend that there are no longer any ongoing violations of federal law that would allow Plaintiff's remaining claim for declaratory and injunctive relief to survive under the *Ex parte Young* exception to Eleventh Amendment immunity. (Doc. No. 83, pp. 4-5.) *Young* provides "an equitable exception to Eleventh Amendment sovereign immunity ... [that] allows plaintiff to sue a state official, in his official capacity, in seeking to enjoin enforcement of a state law [or policy] that conflicts with federal law." *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 515 (5th Cir. 2017) (citing *Ex parte Young*, 209 U.S. 123, 155-56, 159-160 (1908)). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotations and modifications omitted). Plaintiff's release from custody does appear to cause his requests for declaratory and injunctive relief to implicate only past, completed violations as opposed to ongoing violations of federal law. But in light of the undersigned's recommendation to dismiss Plaintiff's remaining claim as moot, the Court need not determine whether Defendants are entitled to Eleventh Amendment immunity.

to the prison facility and again be subjected to the same allegedly unconstitutional actions); *Edwards v. Lumpkin*, No. 6:21cv489, 2023 WL 1976717, at \*2 (E.D. Tex. Jan. 10, 2023), *adopted*, 2023 WL 1971240 (E.D. Tex. Feb. 10, 2023) (prisoner's action seeking "injunctive relief in the form of an exemption from the TDCJ's grooming policy" is "mooted by his release from TDCJ entirely"); *Hinton v. Morris*, No. 4:17CV132-NBB-DAS, 2018 WL 1996472, at \*1 (N.D. Miss. Apr. 27, 2018) (prisoner's claim for declaratory and injunctive relief based on the conditions of confinement becomes moot upon the prisoner's release from custody or transfer from the facility.").

Under the "capable of repetition yet evading review" exception to the mootness doctrine, a plaintiff "must show a 'demonstrated probability' or a 'reasonable expectation' that he would be transferred back to the [a TDCJ unit] or released and reincarcerated there." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). Here, Plaintiff has not responded to Defendants' motion to dismiss, and there is nothing in the record demonstrating any probability or reasonable expectation of his return to TDCJ custody. Any hypothetical return to TDCJ custody, where Plaintiff would again be subject to BP-03.91 is therefore "too speculative to warrant relief." *Edwards*, 2023 WL 1976717, at \*2 (citing *Herman*, 238 F.3d at 665).

Because there is no longer a live controversy requiring Court intervention as to Plaintiff's First Amendment claim seeking declaratory and injunctive relief against Defendants in their official capacities, Defendants' motion to dismiss Plaintiff's claim as moot should be granted.[3]

---

[3] Defendants argue that "an otherwise moot claim cannot persist based on the plaintiff's request for attorneys' fees and costs." (Doc. No. 83, p. 3). A review of Plaintiff's amended complaint does not indicate he sought attorneys' fees or costs in this action. *See* Doc. No. 45-1, pp. 16-18. Further, such a request for relief did not survive screening. The Court, therefore, need not address this argument further.

### D. Conclusion and recommendation.

The undersigned recommends that Defendants' Rule 12(h)(3) motion to dismiss Plaintiff's remaining First Amendment claim against them in their official capacities for declaratory and injunctive relief as moot (Doc. No. 83) be GRANTED and that Plaintiff's First Amendment claim against Defendants O'Daniel, Perryman, Miles, DeAyala, Francis, Johnson, Siv, Nichols, and Burrow in their official capacities for declaratory and injunctive relief based on the provisions of BP-03.91 be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction under the mootness doctrine.[4]

### E. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[4] Claims dismissed for lack of subject matter jurisdiction are dismissed without prejudice. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

      SIGNED on November 7, 2023.

                                                                         MITCHEL NEUROCK
                                                                         United States Magistrate Judge